IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **K.E, AN INDIVIDUAL**<br><br>PLAINTIFF,<br><br>V.<br><br>**SHREE KISHABAPA GROUP, INC.,**<br><br>DEFENDANT. | CA: 3:25-564-JFA<br>**COMPLAINT**<br><br>TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff K.E., by and through the undersigned counsel alleges:

## INTRODUCTION

1. This lawsuit is brought for damages suffered by K.E. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. 18 U.S.C. §1595(a). More specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary

claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, *i.e.* a beneficiary claim against a civil defendant.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595, *et. seq*.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions alleged occurred in the judicial district where this action was brought, and/or Defendant conducts or conducted business within this District pursuant to 28 U.S.C. § 1391(b).

5. Venue is proper in this division pursuant to 28 U.S.C. § 121(2) and other law.

## PARTIES

6. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint to protect the safety, privacy and identity of this sex trafficked victim. Nationwide,

similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

7. Plaintiff is currently a resident of South Carolina.

8. Plaintiff was born in 1982.

9. On information and belief, SHREE KISHABAPA GROUP, INC., ("Defendant") was an owner and operator of the subject hotel, doing business as Red Roof Inn Sumter, during the relevant time in 2018 and 2019 and as such is responsible for the subject hotel during the time Plaintiff was sex trafficked on said premises.

10. Defendant became owner of the subject premises on or about June 23, 2016.

11. Defendant sold the subject premises on or about April 27, 2021.

12. During the relevant time, Defendant was an owner of the subject premises located at 1211 Camden Hwy., Sumter, S.C.

13. During the relevant time, Defendant was an operator of the subject premises located at 1211 Camden Hwy., Sumter, S.C.

14. During the relevant time, Defendant was acting as franchisee and not franchisor of the subject premises located at 1211 Camden Hwy., Sumter, S.C.

15. Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, and/or coercion by her trafficker to engage in commercial sex at the

3

subject hotel in 2018 and 2019, during the time Defendant owned and operated the subject hotel.

16. At all times relevant and material, Defendant owned and operated a hotel doing business as Red Roof Inn Sumter and located at 1211 Camden Hwy., Sumter, S.C. and was authorized, licensed, and was doing business in South Carolina offering the subject hotel as a place of public lodging.

17. On information and belief, at all relevant times, the principal place of business of Defendant was 1211 Camden Hwy., Sumter, S.C. 29150.

## CAUSE OF ACTION

## VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

18. To the extent proper, Plaintiff incorporates the above by reference.

19. Plaintiff sets forth a cause of action for violation of 18 U.S.C § 1595 against Defendant.

20. At all relevant times, Defendant, as owner and operator, was involved in the staffing and operation of the subject hotel where Plaintiff was trafficked for sex in 2018 and 2019.

21. The subject trafficking occurred in room(s) on the first floor of the hotel. Plaintiff recalls the first floor and that the room(s) was in close proximity to a front

office with glass exterior/window allowing staff/employee(s) within to view the first floor hallway or portions thereof.

22. In order to induce Plaintiff by force, fraud and coercion to engage in sex with sex buyers at the subject hotel, her trafficker used various means to do so including (a) trafficker utilizing physical and verbal abuse on and as to Plaintiff and at times in plain sight and earshot of defendant's employees, agents and/or staff; (b) trafficker instilled in Plaintiff the fear of severe bodily injury and/or fear of death if trafficker's directives were not complied with; (c) psychological coercion; (d) withholding Plaintiff's identifying document(s); and (e) other means of force, fraud and coercion used by the trafficker of Plaintiff to induce her to have sex with sex buyers at the subject hotel.

23. Defendant knowingly benefited from the sex trafficking of Plaintiff at the subject premises by receiving payment for the room(s) rented by her trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA in 2018 and 2019.

24. In violation of the TVPRA, Defendant rented room(s) to individuals it knew or should have known were engaged in sex trafficking, including of Plaintiff.

25. Plaintiff's trafficker took proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for room(s) rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

26. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her trafficker online) and from such Wi-Fi service Defendant, on information and belief, received financial benefit.

27. During the time that Plaintiff was trafficked at the subject hotel in 2018 and 2019, Plaintiff's trafficker had direct interaction with employee(s) and staff of Defendant by means of paying, befriending, or compensating said employee(s), agent(s) and/or staff member(s) of Defendant to act as lookout(s)/informant(s) for Plaintiff's trafficker, while acting within the scope of their employment, so as to inform the trafficker of police activity or other similar type alerts.

28. During the relevant time alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA as to Plaintiff.

29. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

30. Defendant operating the subject hotel and renting out room(s) to Plaintiff's trafficker was an enterprise involving risk and potential profit.

31. Defendant operating the subject hotel and renting out room(s) to Plaintiff's trafficker was an enterprise involving risk and potential profit which violated the

TVPRA as to the Plaintiff.

32. The modus operandi of the trafficker was to renew the room(s) rental daily.

33. By repeatedly renting and/or renewing room rentals to and with Plaintiff's trafficker, Defendant was associating with Plaintiff's trafficker in an effort to force Plaintiff to serve their business objective(s).

34. A continuous business relationship existed between the subject hotel, its agents, employees and staff, and Plaintiff's trafficker, in part, in that the hotel repeatedly rented room(s), and/or repeatedly renewed room rentals, to individual(s) they knew or should have known were involved in sex trafficking on the premises, including as to the Plaintiff.

35. Plaintiff's trafficker had prior malfeasance based commercial dealings with Defendant pertaining to the subject hotel which the trafficker and Defendant wished to reinstate for profit when Plaintiff's trafficker repeatedly rented rooms and/or repeatedly renewed room rentals that were used for trafficking of victims on the premises, including Plaintiff.

36. Defendant's association with the Plaintiff's sex trafficker was a venture because her trafficker had prior commercial dealings with Defendant, which the parties wished to reinstate for profit.

37.  Defendant knowingly benefited from this venture or enterprise, involving risk and potential profit, in violation of the TVPRA as to the Plaintiff, by receiving payment for the room(s) rented by Plaintiff's trafficker (or at the direction of her trafficker) that were used for sex trafficking, including Plaintiff, in 2018 and 2019.

38.  Defendant participated in this venture by operating the subject hotel that rented room(s) to individuals that Defendant knew or should have known were involved in sex-trafficking, including as to the Plaintiff, in violation of the TVPRA.

39.  Defendant participated in a venture that said Defendant knew or should have known was trafficking Plaintiff at the subject hotel in violation of the TVPRA.

40.  This Defendant had constructive and actual knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

41.  Defendant knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including Plaintiff as a victim, due to the many red flags then and there existing, including but not limited to:

   a) Constant foot traffic of sex buyers to the trafficker's rented room(s) to have sex with trafficked victim(s);
   b) Each time a sex buyer came to the room, the sex buyer gave Plaintiff money which Plaintiff was then required, by her trafficker, to place in a bag and then put the bag containing the money outside on the doorknob to the room for the trafficker to retrieve;

c) Trafficked victim(s) would walk around hotel grounds drug and/or alcohol impaired, sleep deprived, hygiene impaired, behavior impaired, with visible bruising, malnourished, and in sexually explicit clothing;

d) Suspicious individuals loitering outside the hotel room(s) when a sex buyer would enter a room(s);

e) Inside the hotel room(s) rented by the trafficker (or at the direction of the trafficker) there were a suspicious group of people and suspicious items including cash, drugs, drug paraphernalia, condoms, and lubricants which was observed by Defendant's housekeeping staff and in plain sight of housekeeping staff;

f) Plaintiff's trafficker was monitoring the hotel hallway, door of room(s) and walking the hotel perimeter;

g) Plaintiff's trafficker shadowing Plaintiff (or having another shadow Plaintiff) in plain sight of hotel staff;

h) Plaintiff's room exhibited signs of commercial sex work;

i) Intermittent loud noise and yelling emanating from room where sex trafficking of plaintiff was occurring;

j) Trafficker utilizing physical and verbal abuse on and as to Plaintiff and at times in plain sight and earshot of Defendant's employees and/or staff;

k) Overt evidence that Plaintiff was being induced by force, fraud and coercion to have sex with sex buyers on the subject premises [e.g. (1) visible bruising (2) overt physical deterioration of Plaintiff, (3) physical and/or verbal abuse occurring in common areas of the subject hotel in view and/or earshot of staff of Defendant, (4) trafficker overtly asserting

        control over Plaintiff in common areas of the hotel in view and/or earshot of staff of Defendant (5) intermittent screaming from room(s) where trafficking of Plaintiff occurred sufficiently loud to be heard by staff outside the room]; and

    l) other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

42. Defendant's employee(s), agent(s) and/or staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth above.

43. When being trafficked at the subject hotel in 2018 and 2019, during this Defendant's ownership, Plaintiff interacted with Defendant's employee(s), agent(s) and/or staff on a daily basis, and Defendant's employee(s), agent(s) and/or staff witnessed and observed Plaintiff, her trafficker as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

44. Plaintiff knows that individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were Defendant's employee(s), agent(s) and/or staff members in that they were readily identifiable to Plaintiff either by her knowing the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by

means of a staff member being in an employee restricted area.

45. Defendant's failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries, including but not limited to, being the victim of sex trafficking when at this subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries suffered by Post Traumatic Stress Disorder (PTSD).

46. Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons, including, but not limited to, (1) guest(s) visibly under the influence of drugs or alcohol, (2) guest(s) creating a nuisance to the public; (3) guest(s) believed to use a hotel room for unlawful purposes, (4) guest(s) uses hotel amenities and premises for unlawful acts, (5) guest(s) brings in extra unregistered guest(s), (6) guest(s) behavior reasonably disturbing other guest(s) (7) guest(s) violating other rules set by the hotel and (8) for other indicated reasons.

47. Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries,

including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

48.     As a direct and proximate result of Defendant's involvement, enabling and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its property and hotel, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's premises and hotel in violation of the TVPRA.

49.     As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries and other losses as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. §1591.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant for such just and proper amounts as the trier of fact may find, including as applicable:

      a)     All available compensatory damages;
      b)     Consequential and/or special damages;
      c)     Available noneconomic damages, including without limitation

    past and future pain, humiliation, suffering, loss of enjoyment of life, physical pain, suffering and emotional distress;

d)  Disgorgement of profits obtained through unjust enrichment;

e)  All damages allowable under the TVPRA;

f)  Reasonable and recoverable attorney's fees;

g)  Punitive damages;

h)  Costs of this action;

i)  Pre-judgement and all other interest recoverable; and

j)  Such other and proper relief as the trier of fact and the Court may determine.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

**KAHN LAW FIRM, LLP**
s/ Justin S. Kahn
Justin S. Kahn [Fed Id. 5779]
562 Savannah Highway
Charleston, SC 29407
p. 843.577.2128
f. 843.577.3538
jskahn@kahnlawfirm.com

**DOUGLAS AND LONDON, P.C.**
Randolph Janis, Esq.
(PHV motion forthcoming)
59 Maiden Lane, 6th Floor
New York, NY 10038
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com
**ATTORNEYS FOR PLAINTIFF**

Dated: January 30, 2025

13